UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Dana Jupiter,<br>    Plaintiff, | CIVIL ACTION<br>NO: |
| v. | JUDGE            , SECTION |
| Berry Contracting, L. P. , doing business as<br>Bay Ltd. , and Berry GP, Inc.<br>    Defendants. | MAGISTRATE        , DIVISION |

### Complaint for Damages for Unlawful Employment Practices

Plaintiff, Dana Jupiter, a person of the full age of majority and a resident of Assumption Parish, for her Complaint in this action, alleges as follows:

1.      Plaintiff brings this action for damages to redress Defendants' unlawful employment practices against Plaintiff, including Defendants' unlawful discrimination, harassment and retaliation against Plaintiff because of her race and/or sex and because of her complaints about such unlawful discrimination, harassment and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended (hereinafter "Title VII") and Section 1981 of the Civil Rights Act of 1866 (hereinafter "Section 1981").

2.      Made defendants herein are:

    a.      Berry Contracting, L. P. , doing business as Bay Ltd. , hereinafter "Defendant" or "Berry Contracting", a Texas limited partnership with its registered principal business office in Texas, and its registered principle business establishment in Louisiana in Baton Rouge, which at all times material to this matter was doing business in Destrehan, in the Parish of St. Charles, Louisiana. At all relevant times, Defendant met the definition of an "employer" under all applicable statutes; and

b. Berry GP, Inc. , hereinafter "Defendant" or "Berry GP", a Texas Corporation not registered in the State of Louisiana but listed as the General Partner of Berry Contracting, L. P. At all relevant times, Defendant met the definition of an "employer" under all applicable statutes.

3. This Court has jurisdiction over this action pursuant to 28 U. S. C. §§1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under Title VII and Section 1981. Venue in this district is proper pursuant to 28 U. S. C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

4. Plaintiff has complied with all statutory prerequisites to filing this Complaint. On or about May 13, 2015, Plaintiff filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") charging Defendants with unlawful discriminatory employment practices for discrimination based on Plaintiff's race and sex and for retaliation. On September 20, 2015, Plaintiff filed an Amended Charge of Discrimination with the EEOC charging Defendants with unlawful discriminatory employment practices for discrimination based on Plaintiff's race and sex and for retaliation. On April 24, 2017, the EEOC issued Plaintiff a notice of right to bring suit in federal district court based on the allegations of unlawful discrimination, harassment and retaliation set forth in the two Charges of Discrimination.

5. This action has been filed within ninety (90) days of Plaintiff's receipt of the right-to-sue letter from the EEOC.

6. According to the Bay Ltd. website, Berry Contracting is one of many entities that make up the group of Berry companies, which have "offices and operations throughout the U. S. , Latin America, Canada, and other International locations".  Bay Ltd. is a registered trade name of Defendant and is described on the website as "a full-service multi-discipline construction, fabrication, and maintenance contractor. " Plaintiff was employed at Defendants' Destrehan, Louisiana facility.

7. Plaintiff is a 44-year-old black/African American woman who was employed by Defendants as a tool room manager/foreman beginning on August 10, 2014.

8. Throughout Plaintiff's employment in the tool room, she was singled out by non-black, male employees and supervisors at the facility, who subjected her to repeated harassment and discrimination. These acts included, but were not limited to, making racial slurs, publicly humiliating Plaintiff over the radio system, ransacking the tool room, ransacking Plaintiff's personal belongings and food, locking Plaintiff in the tool room, making fake work requests, purposefully returning the wrong tools, returning items that needed decontamination but that had not been cleaned, refusing to follow plant protocol for checking out and returning tools, taking Plaintiff's personal belongings, not permitting Plaintiff to take reasonable bathroom breaks, and changing Plaintiff's work schedule in unreasonable ways simply to harass her and to create tool room problems. For example, Plaintiff was, without warning, called at home at approximately 2:00 a. m. at night when she was not scheduled to work at night and told to come in to work for no apparent reason. Also, Plaintiff was not permitted to take reasonable bathroom breaks, resulting in her having to undergo the humiliation of using a bucket to relieve herself in the tool room.

9. Plaintiff reported the harassment to the human resources department and also to management personnel. Moreover, management personnel had personal knowledge of the harassment through witnessing episodes of harassment, statements made at team meetings, and the admissions of other employees. Defendants failed to take any action to remedy the discrimination and harassment of Plaintiff by employees and supervisors.

10. Despite Plaintiff working competently and diligently in the tool room to the best of her abilities under the circumstances presented, Plaintiff was demoted to working in the field as a Helper. She was replaced in the tool room by a white, male employee.

11. Ultimately, on May 6, 2015, Plaintiff was terminated by Defendants. Plaintiff was told by Defendants that her termination was due to a lack of work.

12. The harassment of plaintiff by co-workers and supervisors during her employment by Defendants, including but not limited to verbal harassment through racial slurs and other insults and the attempts to sabotage Plaintiff's work by ransacking the tool room, creating fake work orders, returning the wrong tools, returning tools without proper decontamination, refusing to follow protocol for checking out and returning tools and unnecessarily changing Plaintiff's work schedule, created a hostile working environment and interfered with Plaintiff's ability to perform her job.

13. Rather than remedying the discrimination and harassment reported by Plaintiff, Defendants first demoted Plaintiff from tool room manager to a field Helper and ultimately terminated her employment. Both the demotion and the termination of Plaintiff were adverse employment actions suffered by Plaintiff.

14. The harassment of Plaintiff and the demotion and termination of Plaintiff were overt acts of discrimination and showed a conscious intent to discriminate by Defendants.

Additionally, the demotion and termination of Plaintiff were acts of retaliation by Defendants for Plaintiff's complaints of discrimination.

15. The discrimination against and harassment of plaintiff by co-workers and supervisors during her employment by Defendants, in addition to affecting Plaintiff's ability to perform her job duties, caused Plaintiff significant emotional pain, suffering and anguish. Plaintiff was humiliated, fearful, frustrated, and emotionally traumatized by the repeated aggressive and malicious acts of her co-employees. Moreover, the demotion of Plaintiff to field Helper and then her termination caused Plaintiff humiliation, stress and emotional distress, as well as losses of earnings and benefits.

## FIRST CAUSE OF ACTION
**(Discrimination and Harassment in Violation of Section 1981)**

16. Plaintiff hereby repeats and re-alleges each and every prior allegation as if fully set forth herein.

17. Defendants have discriminated against Plaintiff on the basis of her sex (female) and/or race/color (black/African American) in violation of Section 1981 by denying her the same terms and conditions of employment available to employees who are not female and/or black/African American, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

18. Defendants have discriminated against Plaintiff on the basis of her sex and/or race/color in violation of Section 1981 by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her sex and/or race/color.

5

19.     Defendants have discriminated against Plaintiff on the basis of her sex and/or race/color in violation of Section 1981 by demoting Plaintiff and terminating Plaintiff despite the fact that Plaintiff was performing her duties competently under the circumstances and replacing Plaintiff with a white, male employee.

20.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

21.     Defendants' unlawful and discriminatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

22.     As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Section 1981, namely, the demotion and termination of Plaintiff, Plaintiff has suffered and continues to suffer a loss of wages and benefits, entitling her to an award of back pay and front pay, including benefits, bonuses and pre-judgment interest.

## SECOND CAUSE OF ACTION
**(Retaliation in Violation of Section 1981)**

23.     Plaintiff hereby repeats and re-alleges each and every prior allegation as if fully set forth herein.

24.     Defendants have retaliated against Plaintiff in violation of Section 1981 for opposing and/or complaining of Defendants' discriminatory practices against her by, inter alia,

subjecting Plaintiff to acts of discrimination, harassment and humiliation, altering Plaintiff's work schedule for the sole purpose of inconveniencing Plaintiff, demoting Plaintiff to field Helper, and ultimately terminating Plaintiff's employment.

25. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Section 1981, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

26. Defendants' unlawful and retaliatory conduct in violation of Section 1981 was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

27. As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Section 1981, namely, the demotion and termination of Plaintiff, Plaintiff has suffered and continues to suffer a loss of wages and benefits, entitling her to an award of back pay and front pay, including benefits, bonuses and pre-judgment interest.

## THIRD CAUSE OF ACTION
**(Discrimination and Harassment in Violation of Title VII)**

28. Plaintiff hereby repeats and re-alleges each and every prior allegation as if fully set forth herein.

29. Defendants have discriminated against Plaintiff on the basis of her sex (female) and/or race/color (black/African American) in violation of Title VII by denying her the same terms and conditions of employment available to employees who are not female and/or

black/African American, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful harassment.

30. Defendants have discriminated against Plaintiff on the basis of her sex and/or race/color in violation of Title VII by creating, fostering, accepting, ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of her sex and/or race/color.

31. Defendants have discriminated against Plaintiff on the basis of her sex and/or race/color in violation of Title VII by demoting Plaintiff and terminating Plaintiff despite the fact that Plaintiff was performing her duties competently under the circumstances and replacing Plaintiff with a white, male employee.

32. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

33. Defendants' unlawful and discriminatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

34. As a direct and proximate result of Defendants' unlawful and discriminatory conduct in violation of Title VII, namely, the demotion and termination of Plaintiff, Plaintiff has

suffered and continues to suffer a loss of wages and benefits, entitling her to an award of back pay and front pay, including benefits, bonuses and pre-judgment interest.

## FOURTH CAUSE OF ACTION
### (Retaliation in Violation of Title VII)

35.   Plaintiff hereby repeats and re-alleges each and every prior allegation as if fully set forth herein.

36.   Defendants have retaliated against Plaintiff in violation of Title VII for opposing and/or complaining of Defendants' discriminatory practices against her by, inter alia, subjecting Plaintiff to acts of discrimination, harassment and humiliation, altering Plaintiff's work schedule for the sole purpose of inconveniencing Plaintiff, demoting Plaintiff to field Helper, and ultimately terminating Plaintiff's employment.

37.   As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

38.   Defendants' unlawful and retaliatory conduct in violation of Title VII was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of punitive damages.

39.   As a direct and proximate result of Defendants' unlawful and retaliatory conduct in violation of Title VII, namely, the demotion and termination of Plaintiff, Plaintiff has suffered

and continues to suffer a loss of wages and benefits, entitling her to an award of back pay and front pay, including benefits, bonuses and pre-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, for the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States;

B. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to her professional and personal reputations and loss of career fulfillment;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory harm, including but not limited to, compensation for her mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

E. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

F. An award of punitive damages;

G. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

H. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted:

 /s/ Eric R. Nowak
Eric R. Nowak (#27025)
Shirin E. Harrell (#27495)
HARRELL & NOWAK, LLC
650 Poydras Street, Suite 2107
New Orleans, Louisiana 70130-6198
Telephone: (504) 522-7885
Facsimile: (504) 528-3131
**Attorneys for Plaintiff**

**Proposed Summonses for:**

Berry Contracting, L.P.,
Through its agent for service,
C. T. Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816

Berry GP, Inc.,
Through its agent for service,
Charles A. Vanaman
1414 Valero Way
Corpus Christi, Texas  78409